**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**TIMOTHY S. DOSS**,

        Plaintiff,

v.                                                                                         **Case No. 14-cv-1100**

**CLINT PEACHY, et al.**,

        Defendants.

---

**DECISION AND ORDER DENYING THE PLAINTIFF'S APPLIATION FOR AN ALTERED AND AMENDED DECISION AND FOR RELIEF FROM THE ORDER ENTERED ON OCTOBER 7, 2015 (DKT. NO. 56)**

---

*Pro se* plaintiff Timothy S. Doss is a Wisconsin state prisoner. On October 7, 2015, the court dismissed the plaintiff's complaint based on his failure to exhaust the available administrative remedies. Dkt. No. 54.[1] On November 2, 2015, the plaintiff filed a motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1), (5), and (6), asking the court to alter and amend its decision and to grant relief from the judgment. Dkt. No. 56. For the reasons stated below, the court denies the plaintiff's motion.

        Rule 59(e) and Rule 60(b) motions serve a very limited purpose in civil litigation. Whether a court should analyze a motion under Rule 59(e) or 60(b) depends on the substance of the motion, not on the label the plaintiff affixes to

---

[1] For purposes of this decision, the court will assume the reader's familiarity with that decision and will not repeat the lengthy factual background or analysis here.

1

it. Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (citing Borrero v. City of Chicago, 456 F.3d 698, 701-02 (7th Cir. 2006)).

A court may alter or amend a judgment pursuant to Rule 59(e) when there is newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Rule 59(e) requires that the movant "clearly establish" one of the aforementioned grounds for relief.  Id. (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

A court may vacate a judgment under Rule 60(b) for several reasons, including mistake, excusable neglect, newly discovered evidence, and fraud. See Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Id. (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)).

The plaintiff argues that the court made manifest errors of law, a basis encompassed by Rule 59(e). See Obriecht, 517 F.3d at 494. Accordingly, the court will consider his motion under Rule 59(e), and not under Rule 60(b). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). A plaintiff may not utilize a Rule 59(e) motion to introduce new evidence or advance new arguments that could or should have been presented prior to the court entering judgment.  Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Rothwell Cotton Co. v. Rosenthal & Co.,

2

827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Here, the plaintiff advances new arguments never before presented to the court. At the evidentiary hearing, the plaintiff argued only that he had exhausted his available administrative remedies. Specifically, he argued that he timely had filed an appeal from the dismissal of his grievance, despite the fact that there was no evidence to support that argument. The court did not find the plaintiff's statements to be credible, and dismissed the case. Now, the plaintiff argues that he was not required to exhaust available administrative remedies because his claim fell outside the scope of the DOC procedures and/or because the administrative remedies were unavailable to him. Dkt. No. 56, 6-15.

The plaintiff's current arguments come too late. As indicated above, a plaintiff may not advance new arguments that could have been advanced prior to the court entering judgment in a Rule 59(e) motion. The court gave the plaintiff ample opportunity to present these arguments both before the evidentiary hearing and during the evidentiary hearing. He did not, and his failure to do so is fatal to this motion.

### III. CONCLUSION

The court **ORDERS** that the plaintiff's motion for an altered judgment

and amended decision and/or for relief from the order entered on October 7, 2015 (Dkt. No. 56) is **DENIED**.

Dated in Milwaukee, Wisconsin this 8th day of January, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge